Matter of Catherine YY. (2023 NY Slip Op 06582)

Matter of Catherine YY.

2023 NY Slip Op 06582

Decided on December 21, 2023

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:December 21, 2023

CV-23-1485
[*1]In the Matter of Catherine YY. Catherine YY., Respondent; St. Lawrence Psychiatric Center, Appellant.

Calendar Date:November 13, 2023

Before:Lynch, J.P., Clark, Ceresia, Fisher and Mackey, JJ.

Letitia James, Attorney General, Albany (Dustin J. Brockner of counsel), for appellant.
Sheila E. Shea, Mental Hygiene Legal Service, Albany (Shannon Stockwell of counsel), for respondent.

Lynch, J.P.
Appeal from an order of the Supreme Court (Mary M. Farley, J.), entered August 11, 2023 in St. Lawrence County, which granted petitioner's application, in a proceeding pursuant to Mental Hygiene Law § 9.35, for release from confinement.
On June 20, 2023, petitioner was transferred to respondent from Jefferson County Correctional Facility, where she had been held since December 23, 2022 on a number of criminal charges. Following a hearing in July 2023, County Court (LeMay, J.) denied petitioner's request for release. Petitioner thereafter moved for a rehearing on the question of her need for continued retention (see Mental Hygiene Law § 9.35). A virtual bench trial was held, after which Supreme Court (Farley, J.) ordered petitioner's release, finding that respondent failed to prove by clear and convincing evidence that continued retention was necessary. Respondent appeals.[FN1]
We agree with respondent that Supreme Court erred in granting petitioner's application for release. Petitioner is hospitalized pursuant to Mental Hygiene Law § 9.27 (a), which permits "[t]he director of a hospital [to] receive and retain therein as a patient any person alleged to be mentally ill and in need of involuntary care and treatment upon the certificates of two examining physicians." As defined in Mental Hygiene Law article 9, a person "in need of involuntary care and treatment" means "a person [with] a mental illness for which care and treatment as a patient in a hospital is essential to such person's welfare and whose judgment is so impaired that he [or she] is unable to understand the need for such care and treatment" (Mental Hygiene Law § 9.01; see Matter of Rueda v Charmaine D., 17 NY3d 522, 529 [2011]).
Respondent amply satisfied that burden. During the trial, one of respondent's staff psychiatrists — who had examined petitioner and consulted with her treatment team —explained that petitioner has schizoaffective disorder bipolar type, which has manifested in delusional thinking and threatening behavior. During her hospitalization, petitioner had been "aggressive" on several occasions, at one point threatening staff with a knife. The psychiatrist believed that petitioner posed a substantial risk of danger to herself or others if released. Emphasizing that petitioner lacked "insight about her illness," the psychiatrist further explained that petitioner objected to taking medication, requiring respondent to obtain a court order authorizing the administration of Haldol. At trial, petitioner took the stand and denied ever having thoughts of hurting herself or others, maintaining that respondent's claims were all "a lie" and that she had not engaged in threatening behavior.
In rendering a bench decision granting petitioner's application for release, Supreme Court implicitly credited petitioner's trial testimony over the testimony of respondent's psychiatrist, finding that respondent did not prove by clear and convincing evidence that petitioner "pose[d] a [substantial[*2]] threat of . . . harm to herself or others" or that she was "so impaired that she[ was] unable to understand the need for . . . care and
. . . treatment." "In reviewing a nonjury verdict on appeal, this Court has broad authority to independently evaluate the evidence and render a judgment warranted by the facts" (Matter of Oceanview Home for Adults, Inc. v Zucker, 215 AD3d 140, 152 [3d Dept 2023]). Although we generally defer to the trial court's credibility determinations, no deference is owed when they are not supported by a fair interpretation of the evidence (see Maisto v State of New York, 196 AD3d 104, 114 [3d Dept 2021]). Supreme Court's findings failed to account for and are at odds with the medical documentation in evidence, which, in accordance with the psychiatrist's testimony, established by clear and convincing evidence that petitioner has a mental illness and, at the time of the hearing, continued hospitalization was essential to her welfare given her delusional, volatile and violent behavior and inability to understand her need for care and treatment. Accordingly, petitioner's application for release should have been denied.
Clark, Ceresia, Fisher and Mackey, JJ., concur.
ORDERED that the order is reversed, without costs, and application denied.

Footnotes

Footnote 1: Respondent's motion for a stay pending appeal was granted on August 24, 2023 (2023 NY Slip Op 72449[U] [3d Dept 2023]).